UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

*In re* Ex Parte Application of

ZHANEL SHAYAKHMETOVA,

    Applicant,

for an Order pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in a Foreign
Proceeding

Civil Action 2:25-mc-12
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on an *ex parte* application by Applicant Zhanel Shayakhmetova for leave pursuant to 28 U.S.C. § 1782 to obtain discovery from Boulder International Investments LLC via a proposed subpoena for the production of documents. (ECF No. 1.) For the reasons that follow, the application is **DENIED**.

                **I.    BACKGROUND**

The following facts are taken from Applicant's *ex parte* application and accompanying exhibits. Applicant is the daughter of the late Mr. Bagdat Shayakhmetov, former president of the Kazakh company known as JSC Ust-Kamenogorsk Titanium and Magnesium Plant ("UKTMK"). Mr. Shayakhmetov partnered with French citizen Sylvain Gehler (now a UK resident) to form the BS-SG Partnership (the "Partnership") in 1995. "The purpose of the Partnership was to acquire UKTMK's stock and its business, operate that business jointly, and share the assets, profits, and proceeds from that company." (Mem. in Supp. 2, ECF No. 1-1.) "Throughout the life of the BS-SG Partnership, Mr. Shayakhmetov and Mr. Gehler shared the proceeds from the UKTMK business in equal parts." (*Id.*)

Mr. Shayakhmetov passed away in 2013. He left his assets in Kazakhstan to his wife, and all his assets in other countries to Applicant. When Mr. Shayakhmetov's wife passed in 2017, she left all her assets to Applicant. As a result, Applicant became the sole heir to all her late father's assets, including his share of UKTMK held as part of the BS-SG Partnership.

Currently, the BS-SG Partnership's interest in UKTMK is purportedly held in a trust, controlled by Mr. Gehler, named the Douglas Trust. The Douglas Trust owns companies that, in turn, own shares in UKTMK. One of those companies is Boulder International Investments LLC. Boulder is a for-profit LLC incorporated in Ohio that holds approximately 5% of the shares in UKTMK.

After her mother's death, Applicant sought to have title to her father's half of the Partnership, including its interest in UKTMK, transferred directly to her. Applicant asserts she cannot do this without Mr. Gehler's cooperation, which has been withheld. As a result, Applicant sued Mr. Gehler and nine other defendants in the Commercial Court for the High Court of Justice Business and Property Courts of England and Wales (the "UK Proceeding") on May 7, 2025. One of those Defendants is Boulder. Applicant now asks this Court to authorize a subpoena to Boulder under 28 U.S.C. § 1782 for the production of documents for use in the UK proceeding.

Applicant asserts that document production from Boulder is necessary (1) to quantify her half of the Partnership assets, and (2) to trace those assets through the structure Mr. Gehler built to hold or transfer the Partnership's property. Specifically, Applicant's proposed subpoena seeks "(i) documents summarizing all deposits of property by Boulder, whether purportedly held on behalf of the Douglas Trust or otherwise; (ii) documents summarizing all property currently held by Boulder, whether purportedly held on behalf of the Douglas Trust or otherwise;

2

(iii) documents summarizing any distributions of property deposited by or on behalf of the purported Douglas Trust, Mr. Gehler, his or their agents or any entity owned or controlled by Mr. Gehler; (iv) documents reflecting any communications by or on behalf of Mr. Gehler, his or her agents, or any entity owned or controlled by Mr. Gehler with respect to property purportedly held by Boulder for the benefit of the Douglas Trust, Mr. Gehler, or any entity owned or controlled by him." (Mem. in Supp. 4, ECF No. 1-1.)

## II. STANDARDS GOVERNING DISCOVERY UNDER § 1782

"Section 1782 provides federal-court assistance in gathering evidence and testimony for use in foreign tribunals." *Matter of De Leon*, No. 1:19-MC-15, 2020 WL 1180729, at *3 (S.D. Ohio Mar. 12, 2020), *appeal dismissed sub nom. In re De Leon*, No. 20-3406, 2020 WL 3969865 (6th Cir. May 26, 2020) (quoting *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *1 (6th Cir. Sept. 14, 2018)). In relevant part, § 1782 provides that, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a). Accordingly, a district court is authorized to grant an application under § 1782 if an applicant has met three statutory prerequisites: (1) discovery is sought from a person or entity residing or found in the district; (2) discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is an interested person before such foreign tribunal. *See In re Application for Discovery Pursuant to 28 U.S.C. § 1782(a)*, No. 1:19-MC-0102, 2020 WL 364222, at *1 (N.D. Ohio Jan. 22, 2020). "An ex parte application is an acceptable method for seeking discovery under § 1782." *In re Application Pursuant to 28 U.S.C. § 1782*, No. 1:144-mc-44, 2014 WL 4181618, at * 1 (S.D. Ohio Aug. 21, 2014) (cleaned up).

3

But even when those statutory prerequisites are met, "a district court is not required to grant a § 1782 discovery application simply because it has the authority to do so." *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 732 (6th Cir. 2019) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)). Instead, once the statutory requirements are met, a district court has discretion to determine whether, and to what extent, to grant a request for assistance under § 1782. *See Intel*, 542 U.S. at 264.

The United States Supreme Court has identified the following discretionary factors (referred to as the *Intel* factors) that a district court may consider when ruling on a § 1782 application: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests. *See id.* at 264–65. Courts must exercise their discretion in light of the "twin aims" of § 1782: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 252 (citation omitted).

### III. ANALYSIS

**A.     The statutory requirements are met.**

Applicant has satisfied the statutory requirements. The first requirement— that the person from whom discovery is sought resides or is found within the district—is satisfied, because Boulder is an LLC formed under the laws of Ohio and has a statutory agent for service located in Columbus, Ohio. (Secretary of State Filings, ECF Nos. 1-4, 1-5.)

The second statutory requirement—that the discovery sought is for use in a proceeding before a foreign tribunal—is also satisfied. Applicant asserts that the discovery it seeks will be used in the UK Proceeding in the Commercial Court for the High Court of Justice Business and Property Courts of England and Wales, which qualifies as a "proceeding in a foreign . . . tribunal." *Intel*, 542 U.S. at 258.

Likewise, the third statutory requirement—that the application be made by a foreign or international tribunal or any interested person—is satisfied. In *Intel*, the Supreme Court explained that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Id*. at 256. Here, Applicant is a party to the UK Proceeding. Applicant therefore has a significant interest in obtaining discovery related to that action.

B.  **The *Intel* factors weigh against granting the application.**

Having determined that § 1782's statutory requirements are met, the Court now weighs the *Intel* factors to decide, in its discretion, whether and to what extent Applicant's request for discovery should be granted.

The first *Intel* factor is whether Boulder is a "participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If so, then "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter rising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence." *Id*. (citations omitted). That said, there is no requirement that an applicant have sought the relevant discovery in the foreign proceeding before pursuing § 1782 relief. *See, e.g.*, *In re Application for an Ord. Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997).

5

Here, Boulder is a defendant (and therefore a "participant") in the UK Proceeding. Applicant argues that § 1782 assistance is nevertheless warranted because of the limitations on the UK court's ability to compel Boulder to produce documents at this juncture. For instance, Applicant asserts that UK civil procedure generally requires parties to produce only those documents they intend to rely on for their defense; broader request-led, search-based document production (as is typical in US litigation) is available only in exceptional cases on a demonstration of need. Applicant also asserts that discovery from Boulder is necessary now to support an interim application in the UK Proceeding for an injunction to monitor Partnership assets pending trial. But because Boulder has not yet been served in the UK Proceeding (and service may require an order from the UK court granting permission to serve Boulder in the United States), discovery cannot yet be obtained via the UK court.

The current record does not persuade the undersigned that Applicant cannot obtain the documents she needs in the UK Proceeding. First, Boulder is a party to the UK Proceeding and subject to the UK court's jurisdiction. And if the requested documents are as central to Applicant's claims in the UK Proceeding as she asserts, then it seems likely that Applicant can demonstrate the required need for their production. Second, although Boulder is located in the United States, and thus extra steps may be required before it can be served in the UK Proceeding, Boulder is controlled by Mr. Gehler, a UK resident for whom service should no pose no unusual roadblocks. Based on Applicant's representations, Applicant may presently seek the production of documents in Boulder's possession from Mr. Gehler. The first *Intel* factor therefore weighs against § 1782 relief.

The second factor—the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign court to U.S. discovery—favors Applicant. The

Supreme Court has explained that the type of foreign or international tribunal relevant to the § 1782 analysis is "best understood as an adjudicative body that exercises governmental authority." *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 628 (2022). Here, the foreign tribunal is the Commercial Court for the High Court of Justice Business and Property Courts of England and Wales, a governmental authority, entertaining commercial litigation. Moreover, "United States District Courts have also recognized that English courts are generally receptive to § 1782 discovery." *In re Tovmasyan*, 557 F. Supp. 3d 348, 357 (D.P.R. 2021) (cleaned up) (collecting cases). Accordingly, in the absence of any indication that the UK court would *not* be receptive to US discovery, the second *Intel* factor weighs in favor of Applicant. *See Matter of de Leon*, No. 1:19-MC-15, 2020 WL 419436, at *5 (S.D. Ohio Jan. 27, 2020), *aff'd*, 2020 WL 1180729 (S.D. Ohio Mar. 12, 2020) (denying motion to quash subpoena issued under § 1782 in part because intervenors "fail[ed] to cite any court order, Saudi law, legal principle, treaty, constitutional provision, or statement from Deloitte that the Saudi court would not consider such information").

For similar reasons, the third *Intel* factor weighs in Applicant's favor. That factor seeks to guard against an applicant's attempts to circumvent foreign proof-gathering restrictions or other foreign or U.S. policies. 542 U.S. at 264–65. In this instance, there is nothing to suggest that UK law or policy would prohibit the type of discovery sought such that granting relief would amount to circumventing UK law.

Finally, the fourth *Intel* factor—which directs courts to be mindful of overly intrusive or burdensome discovery requests—weighs against Applicant. "The reference in § 1782 to the Federal Rules [of Civil Procedure] suggests that under ordinary circumstances the standards for discovery under those rules should also apply when discovery is sought under the statute." *In re*

7

*Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998). Thus, Applicant is limited to obtaining discovery that is relevant and proportional to the needs of the UK Proceeding. *See* Fed. R. Civ. P. 26(b)(1). But the subpoena she proposes seeks documents well beyond those needed to prosecute her claim in the UK Proceeding. Applicant asserts that "the requested discovery targets Boulder's documents that deal specifically with the BS-SG Partnership, Mr. Geher [*sic*], Applicant, or her father. That is it." (Mem. in Supp. 12, ECF No. 1-1.) However, the proposed subpoena seeks documents reflecting *all* of Boulder's deposits and holdings, whether or not they are related to the Partnership, Applicant, or her father. For instance, the subpoena seeks "[a]ll Documents and Communications relating to the ownership and management of Boulder, including the object and purpose of its incorporation, from April 7, 2009, through present day"; "[a]ll Documents and Communications identifying all property currently held by Boulder, whether purportedly held on behalf of the Douglas Trust or otherwise"; and "[a]ll Documents and Communications reflecting communications by or on behalf of Sylvain Gehler, his agents, or any entity owned or controlled by Sylvain Gehler with respect to property purportedly held by Boulder for the benefit of the Douglas Trust, Sylvain Gehler, or any entity owned or controlled by him from April 7, 2009, through present day." (Subpoena, ECF No. 1-7.) These requests far exceed what Applicant says she needs—*i.e.*, identification of BS-SG Partnership assets in the form of UKTMK shares that she is entitled to inherit from her father— to prosecute her UK claims. Thus, the fourth *Intel* factor weighs against authorizing Applicant's proposed subpoena, at least in its current form.

In sum, although some of the *Intel* factors favor Applicant's request for § 1782 relief, Applicant's apparent ability to obtain the documents she needs in the UK proceeding means that granting § 1782 assistance would serve neither of the statute's "twin aims" of "providing efficient assistance to participants in international litigation and encouraging foreign countries by

8

example to provide similar means of assistance to our courts." *See Intel*, 542 U.S. at 252. Commencing a separate proceeding in a foreign country to obtain discovery that Applicant could obtain through the existing UK litigation from a UK party can hardly be considered efficient. Nor does this Court want to set an example for other countries of undertaking duplicative discovery analyses. Especially given the overbreadth of Applicant's subpoena, granting § 1782 relief would likely require this Court to oversee disputes about the appropriate scope of discovery—disputes which the UK Court, with the benefit of the entire context of the UK litigation, is in a better position to resolve.

For these reasons, the Court finds, in its discretion, that § 1782 assistance is not appropriate in this instance. Applicant's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (ECF No. 1) is, therefore, **DENIED**. The Clerk is **DIRECTED** to **CLOSE** this miscellaneous case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE